IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| The South Carolina Department of Health and Environmental Control,<br><br>Plaintiff,<br><br>vs.<br><br>Horton Sales Development Corporation; William Greg Horton; Cathryn J. Strohm Horton; IBC Logistics, LLC; D.T. Alexander Beard; Appleton Papers, Inc.; Ashland, Inc.; BMW Manufacturing Company, LLC, f/k/a BMW Manufacturing Corporation; Cardinal Container Services, Inc.; Chem-Tex a/k/a Chem-Tex Laboratories, Inc.; Ciba Holding AG, n/k/a BASF, Inc.; Clariant Corporation; Greif, Inc.; Goodrich Corporation; The Lubrizol Corporation; The Milliken Corporation; Mount Vernon Mills, Inc.; Rhodia, Inc.; Sonoco Products Company; KMI Continental Fibre Drum, Inc.; Sonoco Plastic Drum, Inc.; Southern Container, Inc.; Southern Container, LLC; Textile Rubber and Chemical Corporation; Wacker Chemical Corporation,<br><br>Defendants. | Case No. 6:11-cv-1657-HMH<br><br><br>GREIF, INC.'S ANSWER TO COMPLAINT |

Defendant Greif, Inc. ("Greif"), by and through its undersigned attorneys, hereby answers the Complaint of Plaintiff South Carolina Department of Health and Environmental Control ("Plaintiff" or "DHEC") as follows. This answer is also filed on behalf of KMI Continental Fibre Drum, Inc. and Sonoco Plastic Drum, Inc., which have been merged into Greif and no longer have a separate corporate existence. Each and every allegation of the Complaint not specifically admitted herein is denied and strict proof thereof is demanded.

## NATURE OF THE ACTION

1.     Greif neither admits nor denies the allegations in the first sentence of Paragraph 1 of the Complaint because no response is required. The allegations contained the second sentence of Paragraph 1 of the Complaint are denied.

2.     The allegations contained in Paragraph 2 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Greif denies same.

3.     The allegations contained in Paragraph 3 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Greif denies same.

## JURISDICTION AND VENUE

4.     Greif admits that this Court has jurisdiction over claims arising under federal statutes, including the Comprehensive Environmental Response, Compensation and Liability Act 42 U.S.C. §§ 9601 *et seq*. ("CERCLA"). The remaining allegations contained in Paragraph 4 of the Complaint are denied.

5.     Greif admits only so much of the allegations contained in Paragraph 5 of the Complaint as allege that venue is proper in this district. The remaining allegations contained in Paragraph 5 of the Complaint are denied.

6.     Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore, denies same.

7.     Greif admits that the Court has personal jurisdiction over Greif in this action. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint as to other Defendants, and therefore, denies same. The remaining allegations contained in Paragraph 7 of the Complaint state legal

conclusions to which no response is required. To the extent that a response is required, Greif denies same.

## PARTIES

### PLAINTIFF

8. Greif admits only so much of the allegations contained in Paragraph 8 of the Complaint as allege that DHEC is an agency of the State of South Carolina, which is a "state" as defined by Section 101(27) of CERCLA, 42 U.S.C. § 9601(27). The remaining allegations contained in Paragraph 8 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Greif denies same.

### DEFENDANTS

9. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore, denies same.

10. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore, denies same.

11. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore, denies same.

12. Greif admits only so much of the allegations contained in Paragraph 12 of the Complaint as allege that Defendant D.T. Alexander Beard at some point in time owned some or all of the real property located at 1870 Peidmont Highway in Greenville, South Carolina, Tax Map Number WG09000200300 ("Site"). Greif is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint, and therefore, denies same.

13. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore, denies same.

14. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore, denies same.

15. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore, denies same.

16. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore, denies same.

17. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore, denies same.

18. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore, denies same.

19. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore, denies same.

20. Greif admits only so much of the allegations contained in Paragraph 20 of the Complaint as allege that Greif, Inc. is a Delaware corporation. The remaining allegations contained in Paragraph 20 of the Complaint are denied.

21. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore, denies same.

22. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore, denies same.

23. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore, denies same.

24. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and therefore, denies same.

25. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore, denies same.

26. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore, denies same.

27. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore, denies same.

28. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore, denies same.

29. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore, denies same.

30. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore, denies same.

31. The allegations of Paragraph 31 require no response. To the extent that Paragraph 31 is construed to contain allegations against Greif, Greif denies same.

**GENERAL ALLEGATIONS**

32. Upon information and belief, Greif admits only so much of the allegations contained in Paragraph 32 that the Site is located on the Piedmont Highway in or around Greenville, South Carolina, and that intermediate bulk containers were at one time located there. Greif is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the Complaint, and therefore, denies same.

33. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and therefore, denies same.

34. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and therefore, denies same.

35. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and therefore, denies same.

36. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and therefore, denies same.

37. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and therefore, denies same.

38. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and therefore, denies same.

39. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore, denies same.

40. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and therefore, denies same.

41. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and therefore, denies same.

42. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and therefore, denies same.

43. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and therefore, denies same.

44. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and therefore, denies same.

45. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and therefore, denies same.

46. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, and therefore, denies same.

47. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and therefore, denies same.

48. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and therefore, denies same.

49. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, and therefore, denies same.

50. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint, and therefore, denies same.

51. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, and therefore, denies same.

52. The allegations contained in Paragraph 52 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, Greif denies same.

53. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint, and therefore, denies same.

54. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint, and therefore, denies same.

55. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint, and therefore, denies same.

56. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint, and therefore, denies same.

57. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint, and therefore, denies same.

58. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint, and therefore, denies same.

59. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint, and therefore, denies same.

60. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint, and therefore, denies same.

## COUNT ONE

61. Greif realleges its responses to Paragraphs 1 through 60 as though fully set forth herein.

62. The allegations contained in Paragraph 62 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Greif denies same.

63. The allegations contained in Paragraph 63 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Greif denies same.

64. Greif denies the allegations contained in Paragraph 64 of the Complaint as they relate to Greif. With respect to the remaining Defendants, Greif is without knowledge or

information sufficient to form a belief as to the truth of the allegations, and therefore, denies same.

65.     The allegations contained in Paragraph 65 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, Greif denies same.

66.     The allegations contained in Paragraph 66 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, Greif denies same.

67.     Greif denies the allegations of Paragraph 67 of the Complaint as they relate to Greif.  With respect to the remaining Defendants, Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies same.

## COUNT TWO

68.     Greif realleges its responses to Paragraphs 1 through 67 as though fully set forth herein.

69.     The allegations contained in Paragraph 69 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, Greif denies same.

70.     Greif admits only so much of the allegations contained in Paragraph 70 as allege that Greif contends that it is not obligated to reimburse Plaintiff for its past and future response costs.  With respect to the remaining Defendants, Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies same.  The remaining allegations contained in Paragraph 70 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, Greif denies same.

## COUNT THREE

71.     Greif realleges its responses to Paragraphs 1 through 70 as though fully set forth herein.

72.     The allegations contained in Paragraph 72 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, Greif denies same.

73.     The allegations contained in Paragraph 73 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, Greif denies same.

74.     Greif denies the allegations of Paragraph 74 of the Complaint as they relate to Greif.  With respect to the remaining Defendants, Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies same.

75.     The allegations contained in Paragraph 75 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, Greif denies same.

## COUNT FOUR

76.     The allegations in Count Four do not state a claim against Greif, and therefore, no response to these allegations is required.  To the extent that a response is required, Greif denies the allegations contained in Paragraphs 76 through 81 of the Complaint.

## PRAYER FOR RELIEF

Greif denies that Plaintiff is entitled to any of the relief it seeks from Greif.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff agreed to the material terms necessary to resolve this matter with Greif and other parties. Greif pleads the settlement agreement with Plaintiff as an accord and satisfaction of, or alternatively as a release of claims for, any payment of alleged response costs sought by Plaintiff in this action. Greif further asserts that Plaintiff is estopped from pursuing its claims against Greif by virtue of its agreement to the material terms of the settlement. Greif further asserts that Plaintiff is estopped from recovery against Greif because Greif has reasonably relied on the settlement agreement with Plaintiff to its detriment, and such reliance was expected and foreseeable.

### THIRD DEFENSE

Any alleged release or threatened release of hazardous substances as alleged in the Complaint was solely the result of acts or omissions by third parties over whom Greif had no control and with whom Greif had no contractual relationship. At all times, Greif exercised due care with respect any hazardous substances and took precautions against the third-party's foreseeable acts or omissions and the foreseeable consequences resulting therefrom.

### FOURTH DEFENSE

In the course of and in connection with Plaintiff's activities at the Site, Plaintiff destroyed and/or failed to preserve significant evidence necessary to demonstrate and determine the alleged presence of hazardous substances at the Site, the alleged release or threatened release of hazardous substances at the Site, and the source of alleged hazardous substances at the Site, and

11

Plaintiff is therefore barred from recovery of any costs incurred in connection with its activities at the Site.

## FIFTH DEFENSE

Plaintiff's claims against Greif are barred by the useful product doctrine/defense.

## SIXTH DEFENSE

Any materials originating at Greif and alleged transported to the Site, or for which Greif allegedly arranged transportation to the site, did not contribute to the alleged release or require the expenditure of response costs by Plaintiff.

## SEVENTH DEFENSE

Plaintiff's claims against Greif are barred by the *de micromis* exemption set forth in 42 U.S.C. § 9607(o).

## EIGHTH DEFENSE

Plaintiff's recovery of response costs and/or contribution are barred under CERCLA because the costs were not necessary costs of a response to address a release of hazardous substances as defined by 42 U.S.C. § 9601(14).

## NINTH DEFENSE

Plaintiff's recovery of response costs is barred under CERCLA because the costs were incurred in a manner inconsistent with the National Contingency Plan.

## TENTH DEFENSE

In the event that Greif is held liable to Plaintiff (all such liability being denied), then Greif's liability is proportional to each Defendant's contribution to the Site, taking into account the contribution of all other entities or persons responsible for or contributing to the alleged releases of hazardous substances at the Site, including any entities or persons responsible for the

orphan share at the Site, and the Court should allocate response costs using such equitable factors as required by CERCLA and as the Court deems appropriate.

**ELEVENTH DEFENSE**

Greif denies that it is jointly and severally liable for any costs recoverable by the Plaintiff, including any amounts comprising any orphan share at the Site.

**TWELFTH DEFENSE**

Plaintiff must bear the burden and cost of any orphan share at the Site.

**THIRTEENTH DEFENSE**

The alleged response costs incurred at the Site are divisible and as such Greif may not be held jointly and severally liable to any party.

**FOURTEENTH DEFENSE**

Plaintiff's claims may be barred by the applicable statute of limitations or statute of repose.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of laches because they unreasonably delayed in bringing this action and as a result, Greif has incurred substantial prejudice.

**SIXTEENTH DEFENSE**

Greif is entitled to offset any liability it may have to Plaintiff against the greater of: (1) any amount actually paid by any person for any costs or damages claimed by Plaintiff in this action; (2) the equitable shore of the liability of any person or entity that has received or hereafter receives a release from liability or a covenant not to sue with respect to any of the costs and damages alleged in this action; or (3) moneys spent by Greif at other sites that are related to the operations at the Site.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because they include claims for future costs and/or damages that are speculative and/or uncertain.

## EIGHTEENTH DEFENSE

Plaintiff has failed to join persons needed for a just adjudication of the claims alleged in this Complaint, and its claims should be dismissed pursuant to Rule 19 of the Federal Rules of Civil Procedure.

## NINETEENTH DEFENSE

To the extent that Plaintiff seeks compensation for damages that have already been paid or for expenses that have already been covered, Plaintiff is barred from seeking further recovery from Greif.

## TWENTIETH DEFENSE

Greif pleads as a defense any and all defenses raised by other defendants in this action to the extent that those defenses are applicable to Greif.

WHEREFORE, having fully answered Plaintiff's Complaint herein, Greif respectfully requests that the Court enter an Order dismissing the Complaint in its entirety, with prejudice, and awarding Greif reasonable attorneys' fees, costs, and such other and further relief as the Court deems appropriate.

Respectfully submitted this 6th day of January, 2012.

15

/s/ Joan Wash Hartley
W. Thomas Lavender, Jr. (Fed. ID No. 2689)
Joan Wash Hartley (Fed. ID No. 9548)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC   29202
803.771.8900

Attorneys for Defendant Greif, Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that January 6, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all counsel of record.

        /s/ Joan Wash Hartley
        Joan Wash Hartley (Fed. ID No. 9548)
        NEXSEN PRUET, LLC
        1230 Main Street, Suite 700 (29201)
        Post Office Drawer 2426
        Columbia, SC   29202
        803.771.8900

        Attorney for Defendant Greif, Inc.